DLD-187                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1320
_____

WILLIE KAY BETTS,
                                        Appellant

v.

SUMMIT OAKS HOSPITAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 14-cv-06357)
District Judge: Susan D. Wigenton

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2017
Before:   CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: April 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Willie Kay Betts appeals from an order of the District Court granting summary

judgment to Summit Oaks Hospital.  For the reasons that follow, we will summarily

affirm.

_____

[*]This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Betts, a Registered Nurse, was hired full-time by the Hospital, a substance abuse and mental health treatment center, in November, 2011. Betts was primarily assigned to the Hospital's Rehabilitation Unit, "TU2." Although TU2 was considered her home unit, she was at times also assigned to work the Detoxification Unit, "TU3." In 2012, Betts was assigned or "floated" to other units including TU3 to cover a particular daily shift. On May 24, 2013, she filed a charge of discrimination with the New Jersey Division of Civil Rights, and, on August 13, 2013, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging racial discrimination in connection with her assignments to cover the Detoxification Unit. The EEOC did not file a complaint against the Hospital.

On October 14, 2014, Betts filed suit pro se in the United States District Court for the District of New Jersey, alleging that the Hospital had discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. Betts alleged that she was assigned to TU3 for the greater part of 2012; and that she floated to TU3 more often than other nurses until she finally retired from the hospital on August 1, 2015. Specifically, Betts alleged that she was floated twice as often as Mikola Mikolav, the only other full-time day-shift nurse assigned to TU2. She also alleged that she was floated to TU3 more often than the Hospital's per-diem and part-time nurses, all because of her race.

Betts was deposed, and, following the close of discovery, the Hospital moved for summary judgment, arguing that Betts had not alleged any conduct which could be deemed an adverse action. The Hospital also argued and showed through evidence that temporary staffing, or "floating," is consistent with its written policy for the management

2

of nursing personnel, that policy being that daily staffing must be adjusted according to census, patient acuity, and the availability of staff.  Betts responded in opposition to the Hospital's motion for summary judgment.  In an order entered on January 10, 2017, the District Court granted summary judgment to the Hospital.

Betts appeals.  Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the summary judgment record which demonstrate the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, id. at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks removed).

3

To prevail on a Title VII claim of discrimination, a plaintiff must first establish a prima facie case. A prima facie case of discrimination based on race requires that a plaintiff show the following: (1) she belongs to a protected class; (2) she is qualified for the position; (3) she suffered some form of adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The District Court noted the appropriate legal standards, reviewed the summary judgment record, and concluded that, although Betts was floated to TU3, perhaps even on a regular basis, this did not affect her title, pay, or benefits. The District Court thus agreed with the Hospital that Betts had not suffered an adverse employment action.

We conclude that summary judgment for the Hospital was proper. The District Court did not err in its determination that there was no genuine issue of fact with respect to whether Betts suffered an adverse employment action. An actionable adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Although Betts was required to work in TU3 when her preferred unit was her home unit (TU2), the floating that took place was insufficient to constitute an adverse employment action, even if we assume for purposes of summary judgment that nurses assigned to TU3 "do the work of five people," as Betts testified in her deposition. Betts simply failed to rebut the Hospital's evidence that being floated to TU3 had a

4

tangible impact on her employment, particularly in view of the Hospital's policy regarding staffing. Her title, pay, benefits, and terms of employment remained the same throughout her employment at the Hospital. She thus failed to make out a prima facie case of discrimination, and, accordingly, the Hospital was entitled to summary judgment.[1]

For the foregoing reasons, we will summarily affirm the order of the District Court granting summary judgment to Summit Oaks Hospital.

---

[1] Because the summary judgment record does not show a triable issue with respect to the existence of an adverse employment action, it was not necessary for the District Court to reach the other requirements for a prima facie case, including the requirement that the adverse employment action occur under circumstances that give rise to an inference of unlawful discrimination.